UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**UNITED STATES OF AMERICA**

V.   INDICTMENT NO. 5:25-cr-144_KKC_MAS

**KADI ISATU JALLOH**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## INTRODUCTION

1.   At all relevant times, Victim "SWT" was located in the District of Minnesota, and used a federally insured financial institution.

2.   At all relevant times, Lexington-Fayette Urban County Government, aka the City of Lexington (the "City"), was located in the Eastern District of Kentucky and used a federally insured financial institution.

3.   At all relevant times, Nana Kwabena Amuah, originally from Ghana but a citizen of the United States, lived in Texas, New Jersey, or New York. Working for overseas and domestic coconspirators, Amuah hired numerous individuals to assist him with laundering funds defrauded out of victims through business email compromises. To accomplish a business email compromise, members of the conspiracy obtained information related to a financial relationship between a targeted business, individual, or municipality (a "Victim") and an entity to which they owed money (a "Vendor"). Members of the

conspiracy then communicated with the Victim, posing as the Vendor, ultimately directing the Victim to send money to a new bank account, purportedly belonging to the Vendor but actually owned and controlled by members of the conspiracy.

4.  Since at least September of 2020, Amuah hired a network of individuals to operate bank accounts under stolen identities and shell company names, that either directly received funds from victims ("initial account") or received funds from initial accounts, serving as an additional layer in the money laundering scheme ("layering account"). These coconspirators included:

   a. Shimea Maret McDonald, who owned and used Truist Bank Account *0109, which McDonald opened under the name Gretson Company, LLC, using the identity of K.N. Gretson Company, LLC was a shell company established in Texas on May 24, 2022, with K.N. listed as the managing member.

   b. Jean Mejia-Garcia, who owned and used Citibank account *0434, which Mejia-Garcia operated under the name of Rchanon Enterprise LLC, using the stolen identity of R.C. Rchanon Enterprise LLC was a shell company established in New York on February 13, 2022, with R.C. listed as the organizer.

   c. Co-Conspirator A, who operated BB&T Bank account *3176 in the name of Adams Equipments and Supply LLC, using the identity of J.A. Adams Equipments and Supply LLC was a shell company established in South Carolina on May 18, 2020, with J.A. listed as the managing member.

d. The Defendant, **KADI ISATU JALLOH**, who owned and operated Bank of America account *3305, which **JALLOH** operated under the name of MH Ortiz Company LLC, using the identity of M.H. MH Ortiz Company LLC was established in Virginia on September 16, 2020, with M.O. listed as the managing member.

5. **JALLOH** also owned and operated MH Ortiz Company accounts at TD Bank, M&T Bank, and Wells Fargo. **JALLOH** also operated bank accounts in the name of Yonna Enterprise LLC, including at PNC Bank and Wells Fargo, all opened using the identity of B.S. Yonna Enterprise LLC was established in Virginia on November 21, 2020, with B.S. listed as the managing member.

## COUNT 1
## 18 U.S.C. § 1956(h)

6. Paragraphs 1 through 5 are realleged and incorporated by reference as if fully set forth herein.

7. Beginning on a date unknown, but no later than October 6, 2020, and continuing through on or about February 1, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**KADI ISATU JALLOH**

knowingly and voluntarily conspired and agreed with Nana Kwabena Amuah, Shimea Maret McDonald, Jean Mejia-Garcia, Co-Conspirator A, and others known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, to wit:

(a) knowingly conducting and attempting to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is wire fraud and conspiracy to commit wire fraud, violations of 18 U.S.C. §§ 1343 and 1349, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and

(b) knowingly engaging and attempting to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is check deposits, such property having been derived from a specified unlawful activity, that is wire fraud and conspiracy to commit wire fraud, violations of 18 U.S.C. §§ 1343 and 1349, in violation of 18 U.S.C. § 1957.

## Manner and Means

8. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

9. In October 2020, coconspirators induced Victim AMG Foundation to redirect a payment it intended to make to a museum to a BB&T Bank account. Victim AMG Foundation wired $99,965 to BB&T Bank account in the name of Boyes G. Development Group, a company formed in Virginia and registered to **JALLOH's** address. Out of this account, **JALLOH** wrote a $25,000 check to Jewelry Company A, two $30,000 checks to MH Ortiz Company, and another $15,000 check to MH Ortiz Company.

10. In December 2020, coconspirators impersonating a vendor with an outstanding invoice convinced Victim SWT through email to redirect payment for a new bus garage to BB&T Bank Account *3176. On December 14, 2020, Victim SWT sent a money transfer for $169,931.11 to BB&T Bank account *3176, and on December 21, 2020, Victim SWT sent $233,555.74 to the same account. BB&T Bank account *3176 was registered in the name of Adams Equipments & Supply. On or about December 15, 2020, a $39,000 check from Adams Equipments & Supply was deposited into **JALLOH's** MH Ortiz Company Bank of America account. On December 22, 2020, a $92,300 check from Adams Equipments & Supply was deposited into **JALLOH's** Yonna Enterprise LLC PNC account.

11. On December 15, 2020, **JALLOH** sent a $500 Zelle payment from the MH Ortiz Company Bank of America account to Shimea McDonald. From December 22, 2020 to February 23, 2021, **JALLOH** directed $5,909.98 in Zelle payments from her Yonna Enterprise LLC Wells Fargo accounts at BB&T and JPMorgan Chase Bank to Nana Amuah.

12. In August 2022, conspirators impersonated a nonprofit organization having business with the City over email and convinced a City official to wire funds owed to the nonprofit organization to Truist Bank account *0109. The City wired a total of $3,905,837.05 from August 19 through August 24, 2022, to Truist Bank account *0109. At the direction of Amuah, McDonald then wrote numerous counter checks funded by the City's deposit, including check 9811904 payable to Jewelry Company A for $367,000.00.

13. On or about August 24, 2022, at the direction of Amuah, Jean Mejia-Garcia

received a check from McDonald for $550,000, funded by the money stolen from the City, and deposited it into Citibank account *0434. Mejia-Garcia then attempted to wire $316,000 from Citibank account *0434 to Jewelry Company A.

All in violation of 18 U.S.C. § 1956(h).

**FORFEITURE ALLEGATIONS**
**18 U.S.C. § 982(a)(1)**
**18 U.S.C. § 981(a)(1)(C)**
**28 U.S.C. § 2461**

1. By virtue of the commission of the offense alleged in Count One of this Indictment, **KADI ISATU JALLOH** shall forfeit to the United States, any and all property, real or personal, involved in the violation of 18 U.S.C. § 1956 and any property traceable to such property. Any and all interest that **KADI ISATU JALLOH** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

2. The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT**:

A forfeiture money judgment in an amount representing the gross proceeds obtained by the Defendants as a result of the fraud and money laundering offenses and/or in an amount representing the amount involved in the money laundering violation.

3. If any of the property listed above, as a result of any act or omission of the Defendant: a) cannot be located upon the exercise of due diligence; b) has been transferred or sold to, or deposited with, a third party; c) has been placed beyond the jurisdiction of the court; d) has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States, shall be entitled to forfeit substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

███████████████

*Paul C. McCaffrey* (signature)
PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

## **PENALTIES**

**COUNT 1:** Imprisonment for not more than 20 years, fine of not more than $500,000 or twice the amount of gross gain or loss, and supervised release for not more than 3 years.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.